Johnson, J.
This is a proceeding to review an order of the Public Utilities Commission,, which required the reduction of rates for the transportation of bituminous coal in carloads from Nelsonville, Ohio, to Toledo and a number of intermediate *322 points on the railroad of plaintiff in error. At the date of the order the rate from Nelsonville to each of certain stations up to and including Fostoria was 80 cents. The order reduces this to 78 cents. To each of the stations north of Fostoria to and including Toledo it was 85 cents. The order reduces this, to 80 cents.
Various grounds are relied upon by the plaintiff in error on which it contends that the orders complained of are unlawful and unreasonable. In the first place it is claimed that the statutes of Ohio, Sections 541 et seq., General Code, which regulate the proceeding, are in contravention of the federal and state constitutions. In support of this claim the company contends that at no time after it knew or could reasonably anticipate what the order of the commission would be has it had the right to a judicial review, i-n which it could adduce evidence to show the unreasonable and confiscatory character of the order.
The judicial article of the constitution, as amended in 1912 (Section 2, Article IV), after defining the original and appellate jurisdiction, of this court, provides, that it shall have “such revisory jurisdiction of the proceedings of administrative officers as may be conferred by law.” Prior to the adoption of that amendment provision was made for the review of proceedings before the rate-making commission in the court of common pleas. (Sections 543 et seq., General Code.) After the adoption of the constitutional amendment quoted, the sections, substantially in their present form were enacted. By these sections it is provided that a *323 final order of the commission shall be reversed, vacated or modified by the supreme court on peti-lion in error, if upon consideration of the record the court is of the opinion that such order was unlawful or unreasonable. (Section 544, General Code; 103 O. L., 815.)
Sections 545 and 546 prescribe the precedure in such cases, and Section 549 provides that no court, other than the supreme court, shall have power to review, suspend or delay any order made by the commission, or enjoin, restrain or interfere with the commission, or any member thereof, in the performance of official duties.
It will be observed that both before and since the constitutional amendment the legislature realized that in order to give validity to the proceedings and orders of the commission it was necessary that some adequate provision for their judicial review should be made, because if by legislative act or administrative order property or rights are taken or affected parties must be given full opportunity to show by judicial review that the taking or interference with rights or property was so arbitrary, unjust or unreasonable as to amount to a deprivation in violation of the constitution. This principle is nowhere denied. It is invoked and declared in C., M. & St. P. Ry. Co. v. Minnesota. 134 U. S., 418, and Hocking Valley Ry. Co. v. The Public Utilities Commission et al., 92 Ohio St., 9, 14.
In this case plaintiff in error was made a party defendant to the original complaint filed with the commission. Its rates on bituminous coal between *324 the points stated were set out in the complaint and were alleged to be excessive, unjust, unreasonable, and unjustly discriminatory. The prayer of the complaint was that the commission after due hearing and investigation should fix and determine just and reasonable rates between points within the state, and should order them substituted for the rates then in force. The petition of intervening complainants was to the same effect.
' On the hearing before the commission many days were consumed in the hearing of a vast amount of testimony and in the arguments of counsel, which were supported by exhaustive briefs. In obedience to the statute, full opportunity was given to plaintiff in error, and to all of the interested parties, to offer any evidence they desired, and to be heard in argument. The plaintiff in error introduced a large amount of evidence which was considered by the commission. It was given every opportunity to establish that any rate lower than the rate it then maintained would be unjust, unreasonable or unlawful. In this proceeding in error it insists that the evidence it offered does - establish that the rate fixed by the order of • the commission would • be- unjust, unreasonable and unlawful. • By Section 544," General Code, passed pursuant to the amendment to the Constitution, which we have quoted, it is the duty of this court to reverse, vacate or modify the order of the commission if upon consideration of the record it is of the opinion that the order was unlawful or unreasonable. .. .’ .....
*325 In order to determine these questions it is obviously necessary to examine and “consider the record,” to examine the evidence and determine as to the ultimate facts established by it, and whether such ultimate facts furnished sufficient legal predicate upon which to base the order complained of. It will be observed that the proceeding before us now is different from that provided by the statute before the constitutional amendment. Then the proceeding to vacate the order was instituted before the court of common pleas, and its proceedings were reviewed by this court by proceedings in error, substantially as in other cases. The parties were given their full rights to a judicial consideration of their claims in a court of competent jurisdiction. The parties having had full’ opportunity for consideration of all their claims, including the weight of the evidence, before such judicial tribunal, the proceeding in this court was such as provided for the review of ordinary legal proceedings.
The situation was described in Hocking Valley Ry. Co. v. The Public Utilities Commission et al., 92 Ohio St., 362, which was brought under the old procedure, where it was said, at page 366: “We have also examined the record, not for the purpose of passing on conflicts in the testimony of witnesses, nor of deciding upon pure questions of fact, but to determine from the record, including the evidence, whether the conclusions of fact, as found by the commission and sustained by the courts below, were so dependent upon questions of law *326 as to be in substance and effect a decision of the latter.”
As is well known, this court does not pass upon the weight of evidence in proceedings before it, where that matter has been determined in courts below. But under the new procedure this is the first court to which the proceeding is brought, and the duty is imposed upon us to pass upon all questions disclosed by the record, including the weight of the evidence.
We, therefore, think it clear that the constitutional guaranty of due process of law is not violated by the present procedure. Full provision is made for notice to parties of the filing of the complaint, and of the time and place of hearing; full opportunity is given to be heard and to show that the order asked for is unlawful or unreasonable; parties have the benefit of compulsory process to require the attendance of witnesses to testify under oath and to secure the production of documents; provision is made for the taking of depositions and for a certified transcript of all of the evidence, findings and orders. The company had full opportunity to offer any evidence it had concerning any order contemplated or made by the commission or presented in the record now before this court. It exercised this privilege.
In referring to the right of review in cases such as here involved it is said in Wadley Southern Ry. Co. v. Georgia, 235 U. S., 651, 661: “The methods by which this right to a judicial review are secured vary in different jurisdictions. In some states there is a provision that within a designated time *327 the order may be reviewed by the courts on the evidence submitted to the commission. * * * In others by proceedings in equity. * * * But in whatever method enforced, the right to a judicial review must be substantial, adequate and safely available.”
In Louisville & Nashville Rd. Co. v. Garrett et al., 231 U. S., 298, it.is said at page 311: “But the statute does not deny to the carrier the right of access to the courts for the purpose of determining any matter which would be the appropriate subject of judicial inquiry. We have not been referred to any decision of the state court holding that the statute should be so construed (Chicago &c. Railway Co. v. Minnesota, 134 U. S. 418, 456).”
We are .confirmed in our view as to the statutory provision and extent of our duty by the provisions of Section 549, General Code, which provides that no court other than the supreme court shall have power to review, suspend or delay any order made by the commission, or enjoin, restrain or interfere with the commission, or any member thereof, in the performance of official duties, nor shall the writ of mandamus be issued against the commission or any member thereof by any court other than the supreme court.
Here are comprehensive provisions touching the subject. By this and the preceding sections full and exclusive jurisdiction in review is conferred upon this court. If we were’ to hold that anything less than full jurisdiction and duty was imposed upon us, and by such holding any party should, *328 in any proceeding, be denied access to the courts within the guaranties of the constitution, it would necessarily follow that Section 549 would be unconstitutional.
The duty of fixing the rate rests upon the Public Utilities Commission. It acts as the governmental agency of the.state for this purpose. The laws passed by congress and by the several states creating commissions with this and similar regulatory powers have been upheld by many decisions, and their validity is not doubted.
So we have the finding and order of the commission on the subject, which was made after the hearing and the opportunities to be heard above referred to, and on review here the reasonableness and lawfulness of the order are presented in all of their aspects.
If on consideration of the evidence offered before the commission, and of the whole record, it is seen that for any reason the order is unlawful or unreasonable, it will be reversed, vacated, or modified as in the judgment of the court may be required.
The commission having had all of the witnesses before it, and having had all of the advantages in connection therewith which a trial court, a master in chancery or a referee is acknowledged to have, its finding and order will be similarly regarded by the reviewing court. Before this court interferes with that finding and order it must appear from an examination and consideration of the record that the action of the commission was un-' lawful or unreasonable. *329 It is also contended that an expert, Hillman, who was appointed to examine the books and records of the company to enable him to make certain calculations as to costs of carrying coal, and to make other deductions concerning the proper rates, was improperly and illegally appointed. The expert, Hillman, was a witness in the case. The regularity of his. appointment as an expert would not affect the existence of the facts which he would find in his examinations as such expert. The circumstances surrounding it and his relation to the commission and the company are proper to be considered, and they were properly brought out in the testimony. All of this only affects his credibility and value as a witness. The company also employed an expert and produced him before the commission as a witness, where he gave full and intelligent testimony concerning the matters in controversy.
We have given the evidence of these witnesses and the other evidence in the case careful consideration. There are many features of great difficulty which necessarily enter into the consideration of a question such as is presented here. In the gathering of the facts, many of which are technical, the assistance of experts is of great value to a commission or a court, when it comes to fix a reasonable rate — the distance which the traffic is moved, the value and the nature of the commodity, the volume of the business, the expense of placing it upon the trains, etc. The duty of fixing rates and similar regulations is delicate and important and should be performed by the *330 commission under a sense of justice to the carrier and the public.
From a careful examination of this record, in which we have been assisted by voluminous briefs and oral arguments of counsel, in which specific reference has been made to pages and details, we are not able to say that the order made by the commission in this case was unlawful and unreasonable, and it is affirmed.

Order affirmed.

Nichols, C. J.,’ Jones, Matthias, Wanamaicer and Robinson, JJ., concur.